**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50338
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LOUIS RIVERA, a/k/a Big Joe;
MICHAEL ANTHONY SANCHEZ, a/k/a 50-50;
ERNEST ANDRADE ZUBIATE, a/k/a/ Neto,

Defendant-Appellants.

Appeals from the United States District Court
for the Western District of Texas,
Austin Division
03-CR-144(13)

Before DAVIS, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Defendants Jose Louis Rivera, Michael Anthony Sanchez, and Ernest Andrade Zubiate appeal their convictions and sentences for participating in various criminal enterprises. At trial, the Government demonstrated that the three defendants were members of a criminal gang known as the "Texas Syndicate." Finding no error in their convictions or sentences, we **AFFIRM**.

Appellant Rivera challenges his conviction and sentence on five separate grounds. Rivera, who was charged and convicted on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug conspiracy and RICO charges, claims that his sentence for the drug conspiracy is multiplicitous of his sentence for the RICO violation. In <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180 (1932), the Supreme Court enunciated the proper test for determining whether a defendant has been punished twice for the same offense: "whether each provision requires proof of a fact which the other does not." <u>Id.</u> at 304, 52 S. Ct. 180. Applying the <u>Blockburger</u> test does not involve detailed examination of the facts; rather, the inquiry focuses on the elements of the statutory offense. <u>United States v. Odutoya</u>, 406 F.3d 386, 392 (5th Cir. 2005). To establish a RICO conspiracy, the government must prove facts beyond the commission of the RICO predicate crimes, even if the predicate crimes are also conspiracies. <u>See</u> 18 U.S.C. § 1962(c); <u>United States v. Krout</u>, 66 F.3d 1420, 1432 (5th Cir. 1995). Thus, because the RICO count requires proof of a fact beyond that required to prove a drug conspiracy, the two counts and sentences are not multiplicitous. <u>See also</u> <u>United States v. Cauble</u>, 706 F.2d 1322, 1351 (5th Cir. 1983)("[A]n indictment charging RICO predicates as separate offenses is not multiplicitous.").

Rivera also challenges his sentence under <u>United States v. Booker</u>, 543 U.S. __, 125 S.Ct. 738 (2005). Because Rivera did not raise his <u>Booker</u> objection before the district court, he must satisfy the plain error test. <u>United States v. Mares</u>, 402 F.3d 511 (5th Cir. 2005). Under <u>Mares</u> plain error review, Rivera has the

burden to show that the error affected his substantial rights by pointing to evidence in the record that the "sentencing judge-- sentencing under an advisory scheme rather than a mandatory one-- would have reached a significantly different result." Id. at 521. Rivera contends that he need not meet this requirement because he would automatically receive a life sentence under the Guidelines. This argument is without merit. The district court could have made a statement in opposition to the mandatory sentence in the same manner a district court can state opposition to a guideline range. Because Rivera points to no such statement, he cannot meet his burden under Mares.

Rivera also challenges the sufficiency of evidence for his conviction on the drug conspiracy charge, and because that charge served as a predicate crime under RICO, the RICO charge as well. This court considers the evidence in the light most favorable to the verdict, drawing all reasonable inferences in support of the verdict. See, e.g., United States v. Martinez-Lugo, 411 F.3d 597, 599 (5th Cir. 2005). A jury may infer a conspiracy from circumstantial evidence, United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994), and the uncorroborated testimony of a co-conspirator may be sufficient to sustain a conviction, Burton v. United States, 237 F.3d 490, 498 (5th Cir. 2000). With respect to the drug conspiracy charge, the individual defendant's actual possession of more than five kilograms of cocaine is not necessary to prove the drug conspiracy charge, as the crux of the offense is

3

the agreement.  See United States v. Prieto-Tejas, 779 F.2d 1098, 1103 (5th Cir. 1986) ("In a drug conspiracy prosecution, the government does not need to show an overt act in furtherance of the agreement.").  Further, a guilty defendant need only play a minor role in the overall scheme to distribute drugs.  Id.  At trial, several witnesses testified as to the Texas Syndicate's activities involving drug distribution and Rivera's participation therein. The evidence is sufficient to sustain the drug conspiracy charge, and consequently, the RICO charge.

Rivera also challenges his RICO conviction on the grounds that the Jove Rios murder was unrelated to the criminal enterprise. This claim fails because a rational jury could have linked that murder with the enterprise, as witnesses testified to the enterprise's involvement in and reasons for the murder.

Rivera, along with appellant Zubiate, argue that the district court erred in denying their separate motions to sever. A district court should grant a severance only if a defendant is able to show that "there is a serious risk that a joint trial would compromise a special trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 113 S. Ct. 933, 938 (1993).  Both Zubiate and Rivera complain that it was prejudicial for the jury to hear crimes committed by the other defendants, yet such evidence would have been permissible even if Zubiate and Rivera were tried alone on RICO charges.  See United

4

States v. Castillo, 77 F.3d 1480, 1491 (5th Cir. 1996); see also Krout, 66 F.3d at 1425 ("The government is not limited in its proof of a conspiracy or racketeering enterprise to the overt or racketeering acts alleged in the indictment."). The district court committed no error in denying the motions to sever.

Zubiate further contends that no rational trier of fact could have found the existence of facts necessary to establish the elements of his drug conspiracy conviction. As noted above, a jury may infer a conspiracy from circumstantial evidence, Fierro, 38 F.3d at 768, and the uncorroborated testimony of a co-conspirator may be sufficient to sustain a conviction, Burton, 237 F.3d at 498. Here, a witness testified that he supplied Zubiate with drugs for resale. Such evidence, combined with the other testimony, was sufficient to convict.

Zubiate also challenges his sentence, arguing that it was error for the district court to refuse to depart downward in calculating his sentence on the basis that Zubiate's punishment was greater than that of his co-defendant Sanchez. Although a district court may depart downward based on sentence disparities, it is not mandated to do so. See United States v. Wright, 211 F.3d 233, 239 (5th Cir. 2000). The record reveals that the district court was aware of its discretion to depart downward, and chose not to exercise that discretion. There is no error.[1]

---

[1] Zubiate does not challenge his sentence under United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005).

5

Finally, Appellant Sanchez argues that § 5G1.3(b) prohibits his sentence to run consecutively with his life sentence for capital murder in the state court.  Section 5G1.3(b) would only apply if Sanchez's state murder conviction and sentence were "the basis for an increase in the offense level for the instant offense."  The record reveals that Sanchez's state murder conviction was used solely as part of his criminal history, and that his offense level was based on his drug activity.  The district court did not err in imposing consecutive sentences.  See United States v. Marrone, 48 F.3d 735, 738 (3d Cir. 1995) (explaining that "where a defendant has previously been convicted for a RICO predicate act, that conviction should be factored into the defendant's criminal history score").

Finding no merit to appellants' various challenges, we **AFFIRM** the convictions and imposed sentences.

6